IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KANSAS PROCESSING EQUIPMENT, LLC<br>d/b/a KC PROCESSING COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>FARMERS REVIVAL, LLC,<br>TREVOR FRITZLER, and<br>SETH HARGROVE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:22-CV-00054-DGK |

## **ORDER DIRECTING DEFENDANTS TO CLARIFY THE PARTIES' CITIZENSHIP**

This lawsuit concerns the potency of a batch of industrial hemp Defendants sold to Plaintiff. Plaintiff filed this lawsuit in the Circuit Court of Jackson County, Missouri, and Defendants removed it to federal court.

After independently reviewing the Notice of Removal, ECF No. 1, and the Petition, ECF No. 1-1, the Court cannot tell whether it has subject matter jurisdiction over this case. The Court ORDERS Defendants to identify the name and citizenship of each of the members of the limited liability companies ("LLCs") that are parties to this case.

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The threshold question for every federal court in every case is whether it possesses subject matter jurisdiction. If the court determines at any time that it does not, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Plaintiffs allege the Court possesses subject matter jurisdiction pursuant to the Court's diversity jurisdiction. Notice of Removal ¶ 3. To invoke the Court's diversity jurisdiction, the

Case 4:22-cv-00054-DGK   Document 5   Filed 01/26/22   Page 1 of 3

amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant extinguishes federal jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The party invoking federal jurisdiction bears the burden of establishing it. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

The problem here is the Court cannot tell whether there is complete diversity of citizenship. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).[1] In the present case, the Notice of Removal identifies the principal place of business of each LLC, but it does not identify the membership of each. Notice of Removal ¶ 3.[2] So the Court cannot determine the LLCs' citizenship from the existing record.

Accordingly, the Court directs Defendants to submit a brief within fourteen days providing the missing information concerning the LLC's citizenship and/or explaining why this case should not be dismissed for lack of subject matter jurisdiction. If Defendants fail to file such a brief, the Court will remand this case for lack of subject matter jurisdiction.

If Defendants file such a brief, Plaintiff shall have fourteen days to file a response. If Plaintiff files a responsive brief, Defendants shall have seven days to file a reply.

Ideally, the parties will be able to stipulate as to the membership of each LLC and the citizenship of each of these members, and no discovery or adversarial briefing on this issue will be necessary.

---

[1] If a member of a limited liability company is itself another limited liability company, the analysis requires "drilling down" into the next limited liability company to determine its membership as well.

[2] The Petition does not provide this information either.

**IT IS SO ORDERED.**

Date:   January 26, 2022					/s/ Greg Kays
							GREG KAYS, JUDGE
							UNITED STATES DISTRICT COURT